United States District Court
Northern District of Illinois
Eastern Division

Anthony G. Brown,
(#A-72335)

Plaintiff,

-vs-

Dr. Saleh Obaisi
Dr. Laping Zhang
Dr. Evaristo P. Aguinaldo
Ms. Latanya Williams
Wexford Health Sources, Inc.,

Defendants.

CASE NO. #

14 C 8326
Judge Milton I. Shadur
Magistrate Judge Sheila M. Finnegan

RECEIVED
OCT 09 2014

Complaint Under The Civil Rights Act,
Title 42 Section 1983

## Civil Rights Complaint

Now comes Anthony G. Brown, "Pro-Se Plaintiff" #A-72335, presently confined at Stateville C.C., files this Civil Rights Complaint under the Civil Rights Act Title 42, Section 1983, against Dr. Saleh Obaisi, Dr. Laping Zhang, Dr.'s Evaristo P. Aguinaldo, LaTanya Williams, and Wexford Health Sources, Inc., and states that:

This is a civil action seeking injunctive relief and monetary damages against the defendants for committing acts contrary to law, which deprived Plaintiff of his rights guaranteed by United States Constitution of America, and Civil Rights Act, Title 42, U.S.C. 1983.

PARTIES:

1. PLAINTIFF:
   a) Anthony G. Brown
   b) List all aliases: NONE
   c) Prisoner Number: #A-72335
   d) Stateville Correctional Center
   e) Address: P.O. Box 112
      Joliet, Illinois 60434

2. DEFENDANTS:

A. DEFENDANT DR. Saleh OBAISI, (hereinafter) "OBAISI", is the MEDICAL DIRECTOR at Stateville and is responsible for the MEDICAL TREATMENT of Plaintiff. He is currently employed at all times during this CIVIL RIGHTS Compliant at STATEVILLE CORRECTIONAL CENTER, an employee of WEXFORD Health Sources, INC., and being sued IN his PROFESSIONAL AND INDIVIDUAL CAPACITIES.

B. DEFENDANT DR. LAPING ZHANG, (hereinafter) "Zhang" was a MEDICAL Doctor during this CIVIL RIGHT COMPLAINT at STATEVILLE CORR. CTR., and was responsible for the MEDICAL TREATMENT of Plaintiff. She was an employee of WEXFORD HEALTH SOURCE, INC., is being sued IN her PROFESSIONAL AND INDIVIDUAL CAPACITIES.

C. DEFENDANT DR. EVARISTO P. AGUINALDO, (hereinafter) "AGUINALDO" was a MEDICAL Doctor during this CIVIL RIGHT Complaint at STATEVILLE CORR. CTR., and was responsible for the MEDICAL TREATMENT of PLAINTIFF. He was and is currently An employee of WEXFORD HEALTH SOURCE INC., is being sued IN his PROFESSIONAL AND INDIVIDUAL CAPACITIES.

-3-

D. Defendant LaTanya Williams (hereinafter) "Williams", is a Physician Assistant at Stateville Corr. Ctr., and is responsible for medical treatment of plaintiff. She is currently employed at Stateville and a employee of Wexford Health Sources Inc., She is being sued in her professional and individual capacities.

## JURISDICTION

3. This action arises under 42 U.S.C. 1983, of the Civil Rights Act of United States of America, for Injunctive, Compensatory, and Punitive damages over which this Honorable Court has jurisdiction under 28 U.S.C. Sec. 1331, 1343, & 1367. Plaintiff also seek declaratory judgment 28 U.S.C. 2201.

4. This Court has jurisdiction over all defendants because, on information and belief, all defendants are domiciled, or doing business within the State of Illinois.

## VENUE

5. Venue is proper in this District Court pursuant to 28 U.S.C. Sec. 1391(B) and 1391(C) because all the events or omissions giving rise to the claim occurred within the Northern District of Illinois, and, on information and belief, at least defendants Obaisi, Zhang, Aguinaldo, and Williams are believed to be domiciled in Northern District of Illinois.

-4-

## STATEMENT OF FACTS

1. Upon Information and belief, on May 30, 2008, Plaintiff, arrival at Stateville, from (NRC), he informed Williams of Lower pain in his back from a serious Motor Vehicle accident which involved several cars. After Williams examined Plaintiff it was noted Left spine paraspinal tend to palp. Williams gave Plaintiff Tylenol and analgesic balm.

2. Upon Information and belief, throughout the remainder of 2008, plaintiff continued to complain about his back pain and the need for a low gallery/low bunk permit due to difficulties climbing up to the top bunk, yet he wasn't given a permit.

3. Upon Information and belief, plaintiff while at Asthma Clinic informed Dr. Ghosh, who was the Medical Director of the pain and difficulties associated with Plaintiff's back, this was on May 7, 2009; Zhang expressed to Plaintiff she was only dealing with his asthma.

4. Upon Information and belief, throughout the rest of 2009, Plaintiff continued to complain about his lower back pain and also requested a low gallery/low bunk permit which was never given to him.

-5-

5. Upon Information and belief, on May 14, 2010, the Plaintiff while at Asthma Clinic, informed ZHANG, of the severe lower back pain. ZHANG, noted the Complaint in medical notes, yet ZHANG, did nothing to assist Plaintiff.

6. Upon Information and belief, on July 27, 2010, Plaintiff complaint of Lower back pain radiating down to his foot with swelling of his legs was noted by CMT Joe Sheehy.

7. On July 30, 2010, approximately 11:25AM, Plaintiff, Saw Williams at Sick call about swelling of feet, leg, and low back pain. Again Plaintiff only given Tylenol for pain.

8. Upon Information and belief on January 22, 2010, Plaintiff while at hypertension clinic informed ZHANG, that he continued to be having Low back pain for the past twenty-four (24) months. ZHANG, did not acknowledge Plaintiff's complaint nor even examine his back complaint.

9. Upon Information and belief on May 7, 2009, Plaintiff complained to ZHANG, once more while he was at the Asthma Clinic regarding his issue with low back pain and shoulder pain. Again ZHANG, did not assist Plaintiff although She noted this is her Medical Progress notes. Plaintiff was seen by ZHANG, on May 14, 2010, at Asthma Clinic and he informed ZHANG again of his Chronic low back pain and ZHANG rendered the same Results Nothing.

-6-

10. Upon Information and belief on February 9, 2013, Plaintiff, saw OBAISI, for Chronic Low back pain, at which time OBAISI, ordered Plaintiff a Back brace, (Abdominal Binder) and Tylenol 500MG for pain. OBAISI, would not provide Plaintiff with a Low bunk/Low gallery permit nor refer Plaintiff to back specialist.

11. Upon Information and belief Plaintiff spoke with nurse Candice in his cell due to a Level 4 Lockdown about his back pain and the nurse told Plaintiff she would refer him to Medical director.

12. Upon Information and belief on October 4, 2013, Plaintiff while living in Bravo-house cell 427, and assigned to the top bunk, fell while trying to climb up to his bunk. Plaintiff who suffers from severe lower back pain and takes High blood pressure medication sustained injuries to his back and leg which was significantly swollen. Plaintiff was taken to Health Care Unit (HCU) where he Finally received a Low bunk/Low gallery permit, a tenus shot and pain medication Injection, naprosyn 500MG, Robaxin 750MG, and crutches to aid his ability to walk. Williams, did not order any X-rays to see if anything was broken.

13. Upon Information and belief on October 15, 2013, Plaintiff saw Dr. Ann Davis, at (HCU) due to swelling in his leg to his ankle. Davis, then sent Plaintiff to Saint Joseph Emergency Room after examining him.

14. Upon Information and belief on October 15, 2013, while at Saint Joseph Medical Center Emergency Department Plaintiff was seen by Dr. Forcada-Lowrie, who ordered X-Rays, and Ultra Sound. At which time it was noted that Plaintiff had suffered a right fibula head Fracture. Plaintiff was fitted with a Knee-Immobilizer, and Instructed to use Ice as needed and crutches and to follow up with Orthopedic in two (2) days, given prescription for motrin and norco for pain.

15. Upon Information and belief on October 17, 2013, Plaintiff had an X-Ray done on his right leg per Obaisi's reqest which X-Rays revealed Undisplaced fracture fibula at base of fibula head

16. Upon Information and belief on October 23, 2013, Plaintiff saw Obaisi at sick call at which time Obaisi, noted Plaintiff had fractured fibula head and Chronic Low back pain. Obaisi, ordered Robaxin 750MG, for two (2) weeks, at no time did Obaisi recommend or follow Doctors at Saint Joseph Medical Center Orders for Orthopedic follow-up. The only orders were X-Rays of Lumbar Spine.

17. Upon Information and belief on November 27, 2013, Plaintiff saw Obaisi, at sick call, where he complained of back pain and pain in his leg. Plaintiff also Inquired about the order to see the orthopedic. Obaisi, stated he's not sending Plaintiff to orthopedic and gave Plaintiff an order for Tramadol 50MG,

18. Upon Information and belief on December 23, 2013, Plaintiff saw Dr. Davis, at sick call, where he complained of pain in his right leg and inability to put weight on it. Upon exam Davis, noted tenderness over latteral. Plaintiff asked Davis, about Saint Joseph's order to send him to see an Orthopedic, Davis, stated she was not placing such order. Davis, ordered X-Rays, Renewed low bunk / low gallery permit, Tylenol and Tramadol once daily for pain.

19. Upon Information and belief. Plaintiff was again seen at sick call on 1-14-14, by Aguinaldo, about chronic low back pain and leg pain. Plaintiff was given Tramadol 50MG and Aguinaldo, ordered another X-Ray. Plaintiff was under the belief that Aguinaldo, did not seem concerned about his health and did not even exam him.

20. Upon Information and belief on March 13, 2014, Obaisi, ordered physical therapy for plaintiff's back and right leg.

21. Upon Information and belief on March 25, 2014, Plaintiff saw Obaisi, at sick call for severe pain in lower back and for new back brace and double mattress. Obaisi, stated he would order new back brace during this meeting.

22. Upon Information and belief on May 1, 2014, plaintiff saw Obaisi, at sick call for back pain and problems with his leg, and informed Obaisi, the pain medication Mobic, was not working or helping him at all. Obaisi, discontinued the Mobic, and increased the dosage for Tylenol to 650MG and Tramadol to 100MG. Still no mention by Obaisi, of an Orthopedic visit.

23. Upon Information and belief on May 12, 2014, Plaintiff met with Jose Becerra, the physical therapist at Stateville Corr. Ctr., for evaluation of his back and leg. Plaintiff was was seen for physical therapy a total of nine (9) times before Jose Becerra, stop physical therapy without any reason.

24. Upon information and belief plaintiff filed a grievance on 10-4-13, In regards to the fall In which he sustained injuries. L. Dennis, Correctional Counselor, on 11-22-13, responded stating there is no requirement for safety devices for top bunk. Grievance was appealed to Administrative Review Board (ARB).

25. Upon Information and belief Plaintiff filed grievance on 10-4-13, where L. Dennis, Counselor stated on 11-14-13, that there is no step or safety device for top bunk. Plaintiff appealed.

26. Upon Information and belief plaintiff filed grievance for back pain and grievance for leg pain. Both grievance were denied and Plaintiff appealed to (ARB). Plaintiff's grievances are still pending at (ARB) Springfield, Illinois, approximately eleven (11) months have passed.

Deprivation of Eighth (8) Amendment Rights under 42 U.S.C. 1983, for Deliberate Indifference to Plaintiff's Brown, need for Medical Treatment of his Lower back and Right Leg.

27. Plaintiff re alleges paragraphs (1) through (26) as If fully set forth herein.

28. OBAISI, ZHANG, AGUINALDO, and WILLIAMS, while acting under color of state law, and with deliberate, reckless, and/or callous indifference to Plaintiff's Brown Constitutional Rights, acted in a manner that evidenced a deliberate indifference to serious medical needs arising from injuries to his back and right leg, thus depriving Plaintiff of the protection from cruel and unusual punishment as guaranteed by the EIGHTH (8) AMENDMENT of the United States of America Constitution.

29. Upon information and belief when acting as Plaintiff Brown's treating physician administering the provision of pain medications to Brown, Defendants OBAISI, ZHANG, AGUINALDO, and WILLIAMS were acting in their ordinary course, within the scope of their employment by WEXFORD, and pursuant to established policies and procedures of WEXFORD, that are designed to intentionally delay and deprive Brown, of needed medical treatment

30. Upon information and belief when acting as Brown's treating physician, evaluating Brown's medical condition, defendants OBAISI, ZHANG, AGUINALDO, and WILLIAMS, were acting in their ordinary course, within the scope of their employment with defendant WEXFORD, and pursuant to established policies and procedures promulgated by WEXFORD that are designed solely to delay medical treatment.

31. OBAISI, ZHANG, AGUINALDO, and WILLIAMS, pattern and practice of deliberately postponing treatment were in furtherance of a de facto policy to limit treatment of Stateville Corr. Ctr., prisoners, including Brown, at off-site medical facilities, and therefore delay needed medical treatment until such time as it becomes a medical emergency, so as to achieve Wexford's cost cutting measures, such a policy amount to a denial/deprival of medical care in deliberate indifference to Brown's medical needs.

32. OBAISI, ZHANG, AGUINALDO, and WILLIAMS, pattern and practice of deliberately delaying medical treatment of Plaintiff's right leg and back and/or to effectively address long-term pain relief, despite an early diagnosis of his condition is tantamount to a denial and or deprival of medical care in deliberate indifference to Brown's serious medical needs.

33. As a direct result of defendant's deprivation of Brown's Eighth (8th) Amendment rights under color of state law, Brown's physical health continues to worsen and causing Brown to suffer physical injury and mental anguish, in violation of the Eighth (8th) Amendment to the United States Constitution of America.

## RELIEF:

WHEREFORE, Plaintiff Brown, respectfully requests Judgment against defendants in their individual and official capacity as follows:

a) Award injunctive relief enjoining defendants from further delaying Brown's required follow-up care (including but not limited to consultation with orthopedic specialist) further medical treatment, and appropriate pain medication.

b) Award compensatory and punitive damages pursuant to 42 U.S.C. 1983, in an amount to be determined at trial.

c) Award the cost of this action against all defendants jointly and severally in accordance with 42 U.S.C. 1988; and

d) Such other relief that this Honorable Court deems appropriate and just.

## CERTIFICATION

By signing this complaint, I certify that the facts stated in this Complaint are both true and correct to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to the sanctions by this Honorable Court.

Signed this ___15th___ day of ___September___, 2014

*Anthony G. Brown*
ANTHONY G. BROWN
PO Box 112 #A-72335
Joliet, IL. 60434

-13-

Mr. Anthony D. Brown
PO Box 112/A-72335
Stateville Con. Ctr.
Joliet, Il. 60434
Oct. 20, 2014

United States District Court
Prisoner Correspondence
219 South Dearborn Street
Chgo., Il., 60604

RE: Enclosed (1) original and (7) seven copies of:
 - Civil Rights Complaint under 42 U.S.C. § 1983,
 - Informa Pauperis Application and Financial affidavit in support,
 - Motion for Attorney Representation,

Dear Clerk:
I'm writing this letter to inform your office, that on 9-15-14 I had cause to mail this enclosed Civil Rights Complaint above-mentioned. However on 10-15-14 the entire contents was returned to me without being filed.
Please file these pleading and return any extra copies to me with the United States Clerk's office signed stamped and received, at your earliest convenience.
Here's thanking you in advances in handling my request,

Sincerely
Mr. Anthony D. Brown

CC; ADB