IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY G. BROWN (#A-72335)**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 8326 |
| | ) |
| **DR. SALEH OBAISI**, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

This pro se action by Anthony Brown ("Brown"), in which he invokes 42 U.S.C. § 1983 ("Section 1983") to assert charges against Stateville Correctional Center medical personnel and Wexford Health Sources, Inc. because of the allegedly constitutionally defective handling of his serious medical needs, has been assigned to this Court's calendar pursuant to this District Court's LR 40.3(b)(1)(B).[1] This Court has engaged in the initial screening called for by 28 U.S.C. § 1915A(a),[2] and it finds Brown's claims to be both viable and "plausible" within the meaning of the Twombly-Iqbal canon (although no factual findings are of course made at this early date).

As the first order of business, however, Brown's accompanying In Forma Pauperis Application ("Application") (Dkt. 6) does not comply with the requirement of Section 1915(a)(2) that calls for the submission of a certified copy of his trust fund account at Stateville Correctional Center ("Stateville"), where he is custody, for the six-month period immediately preceding the

---

[1] Brown's earlier and still pending action in this District Court (Brown v. Carter, 13 C 6866, which advances similar claims) came to this Court's calendar by random assignment.

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

filng of his Complaint. Instead the Application was signed by Brown back on July 6 of this year and the Stateville fiscal officer certified the Application on July 21, with the trust fund account printout consequently limited to the period from January 1 through July 21, 2014. Accordingly Brown is ordered to provide a printout covering at least the six-month period beginning April 20 and ending October 20, 2014[3] so that this Court can make the necessary calculation under Section 1915(b)(1).

Nonetheless, because it is clear that Brown will qualify for the special form of in forma pauperis treatment applicable to prisoner plaintiffs under the last-cited statutory section, this Court will permit Brown's lawsuit to go forward in the interim. It therefore grants Brown's accompanying Motion for Attorney Representation and appoints this member of the District Court's trial bar to represent him:

> Bartholomew B. Torvik, Esq.[4]
> Torvik Law LLC
> 701 Main Street #204
> Evanston, Illinois 60202
> (847) 986-8568
> Email: bart.torvik@torviklaw.com.

Attorney Torvik will be expected to make arrangements for service of process on the defendants, and this action is set for an initial status hearing on January 15, 2015 at 9 a.m.

        *Milton I. Shadur*
        Milton I. Shadur
        Senior United States District Judge

Date: October 30, 2014

---

[3] That last date is the date of "filing" this action under the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988)).

[4] See attached Appendix.

**APPENDIX**

Special thanks are due to attorney Torvik for his having volunteered to serve as Brown's counsel in this action. As serendipitous chance would have it, the current Complaint landed on this Court's desk just two days before the previously scheduled October 29 status hearing date in Brown's earlier-filed Case No. 13 C 6866, in which attorney Torvik had been assigned to represent Brown pursuant to the random system of trial bar member designations that is followed in this District Court. When at the earlier case's status hearing this Court apprised counsel of the brand-new filing of this action and explained that attorney Torvik's representation obligation did <u>not</u> extend to the new lawsuit, attorney Torvik graciously stated that it seemed to him to make more sense for him to represent Brown in the new action as well, and he volunteered to do so.

That generous approach to pro bono representation obviously goes well beyond the call of duty, and attorney Torvik is to be commended for his undertaking. Not incidentally, this Court will apprise the member of the court staff who is responsible for handling such assignments of what has been said here, so that attorney Torvik should not be considered for any further assignment until his name again reaches the top of the trial bar list in the regular course.

ATTACHMENT