39179/01245/MHW/JJL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ANTHONY G. BROWN, | |
| Plaintiff, | |
| v. | Case Number  14 cv 8366 |
| DR. INHOFF CARTER, et al., | Judge Milton I. Shadur |
| Defendants. | Magistrate Judge Sheila M. Finnegan |

## ANSWER TO COMPLAINT

NOW COME Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D. (incorrectly sued herein as "Dr. Evaristo Aguinaldo"), by and through one of their attorneys, Joseph J. Lombardo of CASSIDAY SCHADE LLP, and in Answer to Plaintiff, ANTHONY G. BROWN's, Complaint at Law, state as follows:

## PARTIES

1.   PLAINTIFF:

  A.  Anthony G. Brown

  B.     List all aliases:  None

  C.     Prisoner Number:  #A-72335

  D.     Stateville Correctional Center

  E.     Address:  P.O. Box 112, Joliet, Illinois 60434

  **ANSWER:     On information and belief, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 1 of Plaintiff's Complaint.**

2.    DEFENDANTS:

A.    DEFENDANT DR. SALEH OBAISI, (hereinafter) "OBAISI", is the Medical Director at Stateville and is responsible for the medical treatment of plaintiff.  He is currently employed at all times during this Civil Rights Complaint at Stateville Correctional Center, an employee of Wexford Health Sources, Inc. and being sued in his professional and individual capacities.

**ANSWER:      Defendant, SALEH OBAISI, M.D., only, denies Paragraph 2, Sub-Paragraph A, of Plaintiff's Complaint, completely and accurately describes his responsibilities as Medical Director.  Further answering, Defendant, SALEH OBAISI, M.D., only, admits the remaining allegations contained within Paragraph 2, Sub-Paragraph A, of Plaintiff's Complaint.**

B.    DEFENDANT DR. LAPING ZHANG, (hereinafter)"ZHANG", was a Medical Doctor during this Civil Right Complaint at Stateville Corr. Ctr., and was responsible for the Medical Treatment of Plaintiff.  She was an employee of Wexford Health Source, Inc., is being sued in her professional and individual capacities.

**ANSWER:      Defendants, WEXFORD HEALTH SOURCES, INC., LA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., make no answer to the allegations contained in Paragraph 2, Sub-Paragraph B, of Plaintiff's Complaint, as there are no allegations pertaining to these Defendants.  To the extent the allegations contained in Paragraph 2, Sub-Paragraph B, of Plaintiff's Complaint can be construed as pertaining to them, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny those allegations.**

C.    DEFENDANT DR. EVARISTO P. AGUINALDO, (hereinafter) "AGUINALDO", was a Medical Doctor at Stateville during this Civil Rights Complaint at Stateville Correctional Center, and was responsible for the Medical Treatment of Plaintiff.  He was and is currently an employee of Wexford Health Sources, Inc., is being sued in his professional and individual capacities.

**ANSWER:      Defendant, EUARISTO AGUINALDO, M.D., only, denies Paragraph 2, Sub-Paragraph C, completely and accurately describes his job responsibilities, and further denies he was the Medical Director of Stateville Correctional Center.  Further answering, Defendant, EUARISTO AGUINALDO, M.D., only, admits the remaining allegations contained within Paragraph 2, Sub-Paragraph C, of Plaintiff's Complaint.**

D.    DEFENDANT LATANYA WILLIAMS, (hereinafter) "WILLIAMS", is a Physician Assistant at Stateville Corr. Ctr., and is responsible for Medical Treatment of Plaintiff.  She is currently employed at Stateville and a employee of Wexford Health Sources, Inc., is being sued in her professional and individual capacities.

**ANSWER:**    **Defendant, LA TANYA WILLIAMS, P.A., only, denies Paragraph 2, Sub-Paragraph D, completely and accurately describes her responsibilities as Physician's Assistant.    Further answering, Defendant, LA TANYA WILLIAMS, P.A., only, admits the remaining allegations contained within Paragraph 2, Sub-Paragraph D, of Plaintiff's Complaint.**

## JURISDICTION

3.    This action arises under 42 U.S.C. 1983, of the Civil Rights Act of United States of America, for injunctive, compensatory, and punitive damages over which this Honorable Court has jurisdiction under 28 U.S.C. Sec. 1331, 1343, & 1367.  Plaintiff also seek declaratory judgment 28 U.S.C. 2201.

**ANSWER:**    **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit that this Court has jurisdiction over the above-captioned matter.**

4.    This Court has jurisdiction over all defendants because, on information and belief, all defendants are domiciled, or doing business within the – State of Illinois.

**ANSWER:**    **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit that this Court has jurisdiction over the above-captioned matter.**

## VENUE

5.    Venue is proper in this District Court pursuant to 28 U.S.C. Sec. 1391(B) and 1391(C) because all the events or omissions giving rise to the claim occurred within the Northern District of Illinois, and, on information and belief, at least defendants OBAISI, ZHANG, AGUINALDO, AND WILLIAMS are believed to domiciled in the Northern District of Illinois.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny they committed any acts or omissions that give rise to a cognizable cause of action. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit venue is proper in the United States District Court for the Northern District of Illinois.

## STATEMENT OF FACTS

1.    Upon information and belief, on May 30, 2008, Plaintiff, arrival at Stateville from (NRC), he informed Williams of lower pain in his back from a serious motor vehicle accident which involved several cars. After William's examined plaintiff it was noted left spine paraspinal tend to palp. Williams gave plaintiff Tylenol and analgesic balm

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 1 of Plaintiff's Complaint.

2.    Upon information and belief, throughout the remainder of 2008, plaintiff continued to complain about his back pain and the need for a low gallery-low bunk permit due to difficulties climbing up to the top bunk, yet he wasn't given a permit.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 2 of the Plaintiff's Complaint.

3.    Upon information and belief, plaintiff while at Asthma clinic informed Dr. Ghosh, who was the Medical Director of the pain and difficulties associated with plaintiff's back, this was on May 7, 2009; ZHANG expressed to plaintiff she was only dealing with his asthma.

> **ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit Plaintiff was seen at the asthma clinic by Dr. Zhang on May 7, 2009, and that Dr. Ghosh was the Medical Director of Stateville Correctional Center at that time. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the remaining allegations contained within Paragraph 3 of the Plaintiff's Complaint.**

4. Upon information and belief, throughout the rest of 2009, plaintiff continued to complain about his lower back pain and also requested a low gallery/low bunk permit which was never given to him.

> **ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 4 of the Plaintiff's Complaint.**

5. Upon information and belief, on May 14, 2010, the plaintiff while at Asthma clinic, informed ZHANG, of the severe lower back pain. ZHANG, noted the complaint in medical notes, yet ZHANG, did nothing to assist plaintiff.

> **ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny that LIPING ZHANG, M.D., did nothing to assist Plaintiff. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 5 of Plaintiff's Complaint.**

6. Upon information and belief, on July 27, 2010, plaintiff complaint of lower back pain radiating down to his foot with swelling of his legs was noted by CMT Joe Sheehy.

> **ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 6 of Plaintiff's Complaint.**

7.      On July 30, 2010, approximately 11:25 AM, plaintiff, saw Williams at sick call about swelling of feet, leg, and low back pain.  Again plaintiff only given Tylenol for pain.

**ANSWER:**      **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny that LA TANYA WILLIAMS, P.A.'s treatment of Plaintiff was limited to administration of Tylenol. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 7 of Plaintiff's Complaint.**

8.      Upon information and belief, on January 22, 2010 plaintiff while at hypertension clinic informed ZHANG, that he continued to be having low back pain for the past twenty-four (24) months.  ZHANG, did not acknowledge plaintiff's complaint nor even examine his back complaint.

**ANSWER:**      **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit Plaintiff was seen at the hypertension clinic by Dr. Zhang on January 22, 2010.   Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the remaining allegations contained within Paragraph 8 of the Plaintiff's Complaint.**

9.      Upon information and belief, on May 7, 2009, plaintiff complained to ZHANG, once more while he was at the Asthma clinic regarding his issue with low back pain and shoulder pain.  Again ZHANG, did not assist plaintiff although she noted this is her Medical Progress Notes.  Plaintiff was seen by ZHANG, on May 14, 2010, at Asthma clinic and he informed ZHANG again of his chronic low back pain and ZHANG rendered the same results nothing.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit Plaintiff was seen at the asthma clinic by Dr. Zhang on May 7, 2009, and May 14, 2010. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the remaining allegations contained within Paragraph 9 of the Plaintiff's Complaint.

10.     Upon information and belief on February 9, 2013, plaintiff saw OBAISI, for chronic low back pain, at which time OBAISI, ordered plaintiff a back brace, (Abdominal Binder) and Tylenol 500 MG for pain. OBAISI, would not provide plaintiff with a low bunk/low gallery permit nor refer plaintiff to back specialist.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit that SALEH OBAISI, M.D., saw Plaintiff on February 9, 2013 in connection with complaints of lower back pain, and that said Defendant provided Plaintiff with an abdominal binder and Tylenol. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny that the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint fully and accurately characterize Plaintiff's medical treatment, as medical permits and a referral to a "back specialist" were not medically necessary or warranted for Plaintiff at that time.

11.     Upon information and belief plaintiff spoke with nurse Candice in his cell due to a Level 4 Lockdown about his back pain and the nurse told plaintiff she would refer him to Medical Director.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 11 of the Plaintiff's Complaint.

12.     Upon information and belief on October 4, 2013, plaintiff while living in Bravo-house cell 427, and assigned to the top bunk, fell while trying to climb up to his bunk. Plaintiff

7

who suffers from severe lower back pain and takes high blood pressure medication sustained injuries to his back and leg which was significantly swollen. Plaintiff was taken to Health Care Unit (HCU) where he finally received a low bunk/low gallery permit, a [tetanus] shot and pain medication – injection, Naprosyn 500 mg, Robaxin 750 mg, and crutches to aid his ability to walk. Williams, did not order any x-rays to see if anything was broken.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations regarding Plaintiff's purported October 4, 2013 fall or his cell assignment on said date. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny Plaintiff's leg was "significantly" swollen, or that a medical permit was necessary prior to October 4, 2013. Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 12 of the Plaintiff's Complaint.

13. Upon information and belief on October 15, 2013, plaintiff saw Dr. Ann Davis, at (HCU) due to swelling in his leg to his ankle. Davis, then sent plaintiff to Saint Joseph Emergency Room after examining him.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14. Upon information and belief on October 15, 2013, while at Saint Joseph Medical Center Emergency Department Plaintiff was seen by Dr. Forcada-Lowrie, who ordered x-rays, and ultrasound. At which time it was noted that plaintiff had suffered a right fibula head fracture. Plaintiff was fitted with a knee-immobilizer, and instructed to use ice as needed and crutches and to follow up with orthopedic in two (2) days, given prescription for Motrin and Norco for pain.

      **ANSWER:**    **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 14 of Plaintiff's Complaint.**

15.    Upon information and belief on October 17, 2013, plaintiff had an x-ray done on his right leg per OBAISI's request which x-rays revealed undisplaced fracture fibula at base of fibula head.

      **ANSWER:**    **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 15 of Plaintiff's Complaint.**

16.    Upon information and belief on October 23, 2013, plaintiff saw OBAISI at sick call at which time OBAISI, noted plaintiff had fractured fibula head and chronic low back pain. OBAISI, ordered Robaxin 750 mg, for two (2) weeks, at no time did OBAISI recommend or follow doctors at Saint Joseph Medical Center orders for orthopedic follow-up. The only orders were x-rays of lumbar spine.

      **ANSWER:**    **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny that a follow-up evaluation at St. Joseph's Medical Center was medically necessary or warranted as of October 23, 2013. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 16 of Plaintiff's Complaint.**

17.    Upon information and belief on November 27, 2013, plaintiff saw OBAISI, at sick call, where he complained of back pain and pain in his leg. Plaintiff also inquired about the order to see the orthopedic. OBAISI, stated he's not sending plaintiff to orthopedic and gave plaintiff an order for Tramadol 50 mg.

> **ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the allegations contained within Paragraph 17 of Plaintiff's Complaint completely and accurately describe any conversation that took place between Plaintiff and SALEH OBAISI, M.D., on November 27, 2013. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 17 of Plaintiff's Complaint**

18.     Upon information and belief on December 23, 2013, plaintiff saw Dr. Davis, at sick call, where he complained of pain in his right leg and inability to put weight on it.  Upon exam DAVIS, noted tenderness over lateral.  Plaintiff asked DAVIS, about Saint Joseph's order to send him to see an orthopedic, DAVIS, stated she was not placing such order.  DAVIS ordered x-rays, renewed low bunk/low gallery permit, Tylenol and Tramadol once daily for pain.

> **ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the allegations contained within Paragraph 18 of Plaintiff's Complaint completely and accurately describe any conversation that took place between Plaintiff and Ann Davis, M.D., on December 23, 2013. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 18 of Plaintiff's Complaint.**

19.     Upon information and belief plaintiff was again see at sick call on 1-14-14, by AGUINALDO, about chronic low back pain and leg pain.  Plaintiff was given Tramadol 50mg and AGUINALDO, ordered another x-ray.  Plaintiff was under the belief that AGUINALDO, did not seem concerned about his health and did not even exam him.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny EUARISTO AGUINALDO, M.D., was not concerned about Plaintiff's health, or that EUARISTO AGUINALDO, M.D., did not examine Plaintiff. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.    Upon information and belief on March 13, 2014, OBAISI, ordered physical therapy for plaintiff's back and right leg.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.    Upon information and belief on March 25, 2014, plaintiff saw OBAISI, at sick call for severe pain in lower back and for new back brace and double mattress. OBAISI, stated he would order new back brace during his meeting.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.    Upon information and belief on May 1, 2014, plaintiff saw OBAISI, at sick call for back pain and problems with his leg, and informed OBAISI, the pain medication Mobic, was not working or helping him at all. OBAISI, discontinued the Mobic, and increased the dosage for Tylenol to 650 mg and Tramadol to 100 mg. Still no mention by OBAISI, of an orthopedic visit.

**ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny that a follow-up evaluation with an orthopedic specialist was medically necessary or warranted as of May 1, 2014. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 22 of Plaintiff's Complaint.**

23. Upon information and belief on May 12, 2014, Plaintiff met with Jose Becerra, the physical therapist at Stateville Corr. Ctr., for evaluation of his back and leg. Plaintiff was seen for physical therapy a total of nine (9) times before Jose Becerra, stop physical therapy without any reason.

**ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny Plaintiff's physical therapy was limited to nine (9) sessions, or that Plaintiff's physical therapy stopped "without any reason." Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit the remaining allegations contained within Paragraph 23 of Plaintiff's Complaint.**

24. Upon information and belief plaintiff filed a grievance on 10-4-13, in regards to the fall in which he sustained injuries. L. Dennis, Correctional Counselor, or 11-22-13, responded stating there is no requirement for safety devices for top bunk. Grievance was appealed to Administrative Review Board (ARB)..

**ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 24 of Plaintiff's Complaint.**

25. Upon information and belief plaintiff filed grievance on 10-4-13, where L. Dennis, Counselor stated on 11-14-13, that there is no step or safety device for top bunk. Plaintiff appealed.

**ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 25 of Plaintiff's Complaint.**

26.     Upon information and belief plaintiff filed grievance for back pain and grievance for leg pain.   Both grievances were denied and plaintiff appealed to (ARB).   Plaintiff's Grievances are still pending at (ARB) Springfield, Illinois, approximately eleven (11) months have passed.

**ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 26 of Plaintiff's Complaint.**

**Deprivation of eighth (8th) Amendment Rights under 42 U.S.C. 1983, for deliberate indifference to plaintiff's Brown, need for medical treatment of his lower back and right leg.**

27.     Plaintiff realleges paragraphs (1) through (26) as if fully set forth herein.

**ANSWER:** **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., reallege and reassert their answers, if any, to Paragraphs 1 through 26 of the Plaintiff's Complaint, as if fully set forth herein.**

28.     OBAISI, ZHANG, AGUINALDO, AND WILLIAMS, while acting under color of state law, and with deliberate, reckless, and/or callous indifference to plaintiff's Brown Constructional Rights, acted in a manner that evidenced a deliberate indifference to serious medical needs arising from injuries to his back and right leg, thus depriving plaintiff of the protection from cruel and unusual punishment as guaranteed by the eighth (8th) Amendment of the United States of America Constitution.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.     Upon information and belief when acting as plaintiff Brown's treating physician administering the provision of pain medications to Brown, defendants OBAISI, ZHANG, AGUINALDO, AND WILLIAMS were acting in their ordinary course, within the scope of their employment by Wexford, and pursuant to established policies and procedures of Wexford, that are designed to intentionally delay and deprive Brown, of needed medical treatment.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit that the individual Defendants were employed by WEXFORD HEALTH SOURCES, INC. at the time they treated Plaintiff. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the remaining allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.     Upon information and belief when acting as Brown's treating physician, evaluating Brown's medical condition, defendants OBAISI, ZHANG, AGUINALDO, AND WILLIAMS, were acting in their ordinary course, within the scope of their employment with defendant Wexford, and pursuant to established policies and procedures promulgated by Wexford that are designed solely to delay medical treatment.

> **ANSWER:** Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., admit that the individual Defendants were employed by WEXFORD HEALTH SOURCES, INC. at the time they treated Plaintiff. Further answering, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the remaining allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.     OBAISI, ZHANG, AGUINALDO, AND WILLIAMS, pattern and practice of deliberately postponing treatment were in FURTHERANCE of a defacto policy to limit treatment of Stateville Corr. Ctr., prisoners, including brown, at off-site medical facilities, and therefore delay needed medical treatment until such time as it becomes a medical emergency, so as to achieve Wexford's cost cutting measures, such a policy amount to a denial/deprival of medical care in deliberate indifference to Brown's medical needs.

> **ANSWER:**     **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the allegations contained within Paragraph 31 of Plaintiff's Complaint.**

32.     OBAISI, ZHANG, AGUINALDO, AND WILLIAMS, pattern and practice of deliberately delaying medical treatment of plaintiff's right leg and back and/or to effectively address long-term pain relief, despite an early diagnosis of his condition is tantamount to a denial and or deprival of medical care in deliberate indifference to Brown's serious medical needs.

> **ANSWER:**     **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the allegations contained within Paragraph 32 of Plaintiff's Complaint.**

33.     As a direct result of defendant's deprivation of Brown's eighth (8th) Amendment Rights under color of State law, Brown's physical health continues to worsen and causing Brown to suffer physical injury and mental anguish, in violation of the eighth (8th) Amendment of the United States Constitution of America.

> **ANSWER:**     **Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., deny the allegations contained within Paragraph 33 of Plaintiff's Complaint.**

WHEREFORE Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., pray for judgment in their favor and against the Plaintiff, ANTHONY G. BROWN, plus costs

## AFFIRMATIVE DEFENSES

NOW COME Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Affirmative Defenses to Plaintiff, ANTHONY G. BROWN's, Complaint, hereby state as follows:

## FIRST AFFIRMATIVE DEFENSE –
## DEFENDANTS ACTED IN GOOD FAITH/IMMUNITY

1.      At all times relevant herein, these Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

## SECOND AFFIRMATIVE DEFENSE –
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1.      Federal law mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *Pavey*, 544 F.3d at 740.

2.      The administrative remedies applicable to the Plaintiff in the instant action can be found at 20 Ill. Admin. Rule § 504.800 - 870. Effectively, this Plaintiff was required to complete three administrative steps in order to exhaust his remedies:

> (1) attempt to resolve his complaint informally through his/her Counselor;

16

(2) file a written grievance to the Grievance Officer within 60 days
of discovery of his complaint; and
(3) file an appeal to the Director within 30 days after the date of the
decision with respect to his written grievance. *See* 20 Ill. Admin.
Rule § 504.810, § 504.850.

3. To the extent Plaintiff has failed to exhaust his administrative remedies prior to the

filing of this suit, his claims are barred by 42 U.S.C. § 1997(e)(a) and 20 Ill. Admin.

Rule § 504.800 – 870.

**THIRD AFFIRMATIVE DEFENSE –**
**FAILURE TO EXERCISE REASONABLE CARE AND TO MITIGATE DAMAGES**

1. The sole proximate cause of the injuries and damages alleged by the Plaintiff was

the Plaintiff's failure to exercise reasonable care for his own well being.

2. Plaintiff has failed to mitigate damages as required by law.

**FOURTH AFFIRMATIVE DEFENSE-**
**FAILURE TO ASSERT CLAIMS WITHIN THE STATUTE OF LIMITATIONS PERIOD**

1. On October 22, 2014, Plaintiff filed his Complaint in the above-captioned matter

(Court Document # 1).

2. In his Complaint, Plaintiff makes allegations of constitutional violations going all

the way back to 2008. (Court Document #1 at ¶¶ 1-9).

3. Claims for deliberate indifference made pursuant to 42 U.S.C. § 1983 are

considered personal injury claims and are governed by the personal injury statute of limitations

and tolling laws in the state where the alleged injury occurred. *Delgado-Brunet v. Clark*. 93 F.3d

339, 342 (7th Cir. 1996). Illinois has a two-year statute of limitations for personal injury actions.

*735 Ill. Comp. Stat. Ann. 5/13–202* (2008); *Anton v. Lehpamer,* 787 F.2d 1141, 1142 (7th

Cir.1986). The Plaintiff's suit is based on personal injuries he allegedly suffered as an inmate at

Stateville Correctional Center, which is located in Illinois. As such, the Plaintiff's claims are

17

subject to a two-year statute of limitations. Furthermore, "when a person resigns or retires from his public employment, the claim accrues on that date." *Heard v. Elyea*, 525 Fed. Appx. 510, 511 (7th Cir. Ill. 2013).

4.      In the case at bar, Plaintiff's allegations in his Complaint effectively establish that some or all of his claims are barred by the two-year statute of limitations for 42 U.S.C. § 1983 claims made in Illinois.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC., LA TANYA WILLIAMS, P.A., SALEH OBAISI, M.D., and EUARISTO AGUINALDO, M.D., pray for judgment in their favor and against the Plaintiff, ANTHONY G. BROWN, plus costs.

## JURY DEMAND

Defendants demand a trial by jury on all issues herein triable.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ *Joseph J. Lombardo*
    One of the Attorneys for Defendants,
    WEXFORD HEALTH SOURCES, INC., LA
    TANYA WILLIAMS, P.A., SALEH OBAISI,
    M.D., and EUARISTO AGUINALDO, M.D.,

Matthew H. Weller/ARDC No. 6278685
Joseph J. Lombardo/ARDC No. 6306466
CASSIDAY SCHADE LLP
20 North Wacker Drive, Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
jlombardo@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2015, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Joseph J. Lombardo*

8040808 JLOMBARD;CMCDOWEL